Case 4:25-cv-02360   Document 1-2   Filed on 05/23/25 in TXSD   Page 1 of 11

4/2/2025 5:16 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 99210143
By: Wanda Chambers
Filed: 4/2/2025 5:16 PM

CAUSE NO. _____

| | | |
|---|---|---|
| **JUANA HERNANDEZ GONZALEZ** *Plaintiff,* | § § § | IN THE DISTRICT COURT |
| V. | § § § | ____ JUDICIAL DISTRICT |
| **WALMART, INC.** *Defendant.* | § § § § | HARRIS COUNTY, TEXAS |

### PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, JUANA HERNANDEZ GONZALEZ, hereinafter called Plaintiff, complaining of and about WALMART, INC., hereinafter called Defendant, and for cause of action show unto the Court the following:

### I. DISCOVERY CONTROL PLAN LEVEL

1. Plaintiff intends that discovery be conducted under Discovery Level II.

### II. PARTIES AND SERVICE

2. Plaintiff, JUANA HERNANDEZ GONZALEZ, is an Individual whose address is 17514 Winding Creek Lane, Magnolia, Texas 77355.

3. Defendant, WALMART, INC., is authorized to do business in the state of Texas. It may be served with process by serving its registered agent at the following address: 1999 Bryan Street Suite 900, Dalla, Texas 75201-3136. Service of said Defendant can be affected by personal delivery.

PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE TO DEFENDANT – PG. 1



### III. JURISDICTION AND VENUE

4. The subject matter in controversy is within the jurisdictional limits of this court.

5. This court has jurisdiction over the parties because Defendant WALMART INC. purposefully availed itself of the privilege of conducting activities in the state of Texas and established minimum contacts sufficient to confer jurisdiction over said Defendant, and the assumption of jurisdiction over Defendant will not offend traditional notions of fair play and substantial justice and is consistent with the constitutional requirements of due process.

6. Plaintiff would show that Defendant had continuous and systematic contacts with the state of Texas sufficient to establish general jurisdiction over said Defendant.

7. Plaintiff would also show that the cause of action arose from or relates to the contacts of Defendant to the state of Texas, thereby conferring specific jurisdiction with respect to said Defendants.

8. Venue in Harris County is proper in this cause under Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in this county.

### IV. FACTS

9. On or about January 21, 2024, JUANA HERNANDEZ GONZALEZ was walking on the sidewalk when she stepped into a hole in the middle of the sidewalk that was open and not visible from her standpoint. This happened outside the Walmart located at 27650 TX-249, Tomball, Texas 77375. As a result, JUANA HERNANDEZ GONZALEZ suffered serious bodily injuries.

10. At the time of the incident, Plaintiff was an invitee on the property. The property is

owned, controlled, and/or managed by Defendant WALMART, INC. Plaintiff received no warnings prior to the incident and was without fault. Plaintiff did not contribute to the incident in question. Plaintiffs fall was proximately caused by the hole which was under the control of Defendants and/or Defendant's agents, servants, employees and/or representatives, and/or individuals under the direction, control, or management of Defendant.

## V. PLAINTIFF'S CLAIM OF PREMISES LIABILITY AGAINST DEFENDANT

11. At all times mentioned herein, Defendant owed duties to Plaintiff, including but not limited to the following and, by various acts and omissions, breached these duties, each of which singularly or in combination, was a proximate cause of the occurrence in question and Plaintiff's injuries:

A. In failing to maintain the pathways of the pedestrian areas in a reasonably safe manner;

B. In failing to warn JUANA HERNANDEZ GONZALEZ of the dangerous condition;

C. In permitting the pathway to remain in its dangerous state;

D. In failing to make the dangerous condition safe;

E. In failing to properly train, supervise, manage, and control its employees or agents responsible for the walkways;

F. In failing to properly supervise its employees;

G. In failing to provide JUANA HERNANDEZ GONZALEZ a safe place in which to walk; and

H. In failing to properly and timely inspect the area.

12. At the time of the incident in question, plaintiff was an invitee in the defendant's premises. Plaintiff, JUANA HERNANDEZ GONZALEZ, entered the premises of WALMART, INC. with express or implied knowledge for the parties' mutual benefit because she was a customer of the store.

13. At the time of the incident in question, Defendant and its agents, servants, employees and/or representatives, managed, possessed, controlled, and/or owned jointly the premises in question where the incident took place. Defendant owed a duty to Plaintiff to prevent a foreseeable risk of injury and assumed a duty to provide safe premises. Defendant knew or should have known of the dangerous condition, taken corrective action in a timely manner and provided proper notice to employees and customers frequenting the area. Defendant failed to do so. Defendant's failure to exercise reasonable care proximately caused the incident in question and the resulting damages.

## VI. DAMAGES FOR PLAINTIFF JUANA HERNANDEZ GONZALEZ

14. As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff JUANA HERNANDEZ GONZALEZ, was caused to suffer serious bodily injuries, and to incur the following damages for which Plaintiff seeks monetary relief of over $1,000,000.00 but not more than $10,000,000.00:

    A. Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff, JUANA HERNANDEZ GONZALEZ for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services in and around HARRIS County, Texas;

    B. Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future;

    C. Physical pain and suffering in the past;

D.  Physical pain and suffering in the future;

E.  Loss of earnings in the past;

F.  Loss of earning capacity which will, in all probability, be incurred in the future;

G.  Loss of Household Services in the past;

H.  Loss of Household Services in the future;

I.  Disfigurement in the past;

J.  Disfigurement in the future;

K.  Mental anguish in the past; and

L.  Mental anguish in the future.

## VII. DEMAND FOR TRIAL BY JURY

15. Plaintiff demands a jury trial and tenders the appropriate fee with this petition.

## VIII. REQUEST FOR DISCLOSURE

16. Under Texas Rules of Civil Procedure 194, Plaintiff request that Defendant disclose, within 50 days of the service of this request, the information or material described in rule 194.2.

## IX. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff, JUANA HERNANDEZ GONZALEZ, respectfully prays that the Defendant, WALMART, INC., be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendant for damages in an amount within the jurisdictional limits of the Court, together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum

rate allowed by law, post-judgment interest at the legal rate, costs of court, and such other and further relief to which the Plaintiff may be entitled at law or in equity.

          Respectfully submitted,

          JD Law Firm

          By: _____
          **JOVANI DIAZ**
          Texas Bar No. 24101698
          2180 North Loop West, Suite 510
          Houston, Texas 77018
          Tel. (713) 589-3610
          Fax. (713) 766-6587
          jd@jdlawfirm.com
          Attorney for Plaintiff
          JUANA HERNANDEZ GONZALEZ

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Jovani Diaz on behalf of Jovani Diaz
Bar No. 24101698
jd@jdlawfirm.com
Envelope ID: 99210143
Filing Code Description: Petition
Filing Description: Plaintiff's Original Petition
Status as of 4/3/2025 7:59 AM CST

Associated Case Party: Juana Hernandez Gonzalez

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Dina Hernandez | | dh@jdlawfirm.com | 4/2/2025 5:16:11 PM | SENT |
| Jovani Diaz | | jd@jdlawfirm.com | 4/2/2025 5:16:11 PM | SENT |

Case 4:25-cv-02360   Document 1-2   Filed on 05/23/25 in TXSD   Page 8 of 11

5/15/2025 1:47 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 100886077
By: Jimmy Rodriguez
Filed: 5/15/2025 1:47 PM

CAUSE NO.: 202522748

| | | |
|---|---|---|
| JUANA HERNANDEZ GONZALEZ | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| | § | |
| vs. | § | 125TH JUDICIAL DISTRICT COURT |
| | § | |
| | § | |
| WALMART INC. | § | |
| Defendant. | § | |
| | § | HARRIS COUNTY, TEXAS |

## DEFENDANT'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant WAL-MART STORES TEXAS, LLC incorrectly sued as Walmart Inc., ("Defendant") files this Original Answer to Plaintiff's Original Petition ("Petition"), and in support thereof, would respectfully show the Court the following:

### I. General Denial

1. Under Rule 92 of the Texas Rules of Civil Procedure, Defendant generally denies each and every allegation made against Defendant in Plaintiff's Original Petition.

### II. Affirmative Defenses

2. Defendant asserts the affirmative defense of contributory negligence. The negligence of Plaintiff caused or contributed to Plaintiff's injuries so that the claims are barred or, in the alternative, must be reduced in accordance with the relative degree of Plaintiff's own negligence. Defendant requests the trier of fact to determine Plaintiff's liability and percentage of responsibility pursuant to Texas Civil Practice & Remedies Code section 33.003.

3. Defendant is entitled to all caps and limitations on damages pursuant to the Texas Civil Practice & Remedies Code.

4.     Defendant alleges that Plaintiff's injuries and/or damages were caused by an intervening event for which Defendant has no liability.

5.     Defendant affirmatively pleads that Plaintiff's injuries were caused by the actions or inactions of parties not under Defendant's control.

6.     Defendant affirmatively pleads the defense set forth in Texas Civil Practice and Remedies Code Section 18.091, requiring Plaintiff to prove Plaintiff's loss of earning, loss of contributions of a pecuniary value, and/or loss of earning capacity in the form of a net loss after reduction for income tax payments or unpaid tax liability on said loss or earning claim pursuant to any federal income tax law.

7.     To the extent that Plaintiff's medical expenses exceed the amount actually paid on Plaintiff's behalf to Plaintiff's medical providers, Defendant asserts the statutory defense set forth in Section 41.0105 of the Texas Civil Practice and Remedies Code. Thus, recovery of Plaintiff's medical or health care expenses is limited to the amount actually paid or incurred by or on behalf of Plaintiff.

8.     Plaintiff's claims for pre-judgment interest are limited by the dates and amounts set forth in Section 304.104 of the Texas Finance Code and Section 41.007 of the Texas Civil Practice & Remedies Code.

9.     Defendant affirmatively pleads assumption of the risk and open and obvious condition.

### III.  Prayer

FOR THESE REASONS, Defendant WAL-MART STORES TEXAS, LLC incorrectly sued as Walmart Inc., respectfully prays that the Court enter a judgment that:

Dismisses all claims against Defendant WAL-MART STORES TEXAS, LLC incorrectly sued as Walmart Inc., and orders that Plaintiff take nothing by reason of Plaintiff's allegations.

1. Orders that Defendant recovers all costs incurred in defense of Plaintiff's claims, and that

2. Defendant's judgment against Plaintiff include the following:

    a. Costs of suit; and

    b. Such other and further relief, general and special, at law or in equity, to which Defendant may be justly entitled.

>Respectfully submitted,
>
>MEHAFFYWEBER, P.C.
>
>By:/s/*Maryalyce W. Cox*
>Maryalyce W. Cox
>State Bar No. 24009203
>John "Trey' Hillman
>State Bar No.24128883
>One Allen Center
>500 Dallas, Suite 2800
>Houston, Texas  77002
>Telephone  - (713) 655-1200
>Telecopier  - (713) 655-0222
>maryalycecox@mehaffyweber.com
>
>ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

This will certify that a copy of the foregoing document was furnished to counsel for Plaintiff on May 15, 2025, pursuant to the Texas Rules of Civil Procedure.

>*Maryalyce W. Cox*
>Maryalyce W. Cox

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Qiana Moore on behalf of Maryalyce Cox
Bar No. 24009203
QianaMoore@MehaffyWeber.com
Envelope ID: 100886077
Filing Code Description: Answer/ Response / Waiver
Filing Description: Defendant's Original Answer
Status as of 5/16/2025 9:49 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Jovani Diaz | | jd@jdlawfirm.com | 5/15/2025 1:47:37 PM | SENT |
| Dina Hernandez | | dh@jdlawfirm.com | 5/15/2025 1:47:37 PM | SENT |
| Andrea Fratus | | edocket@mehaffyweber.com | 5/15/2025 1:47:37 PM | SENT |
| Qiana Moore | | QianaMoore@MehaffyWeber.com | 5/15/2025 1:47:37 PM | SENT |
| Trey Hillman | | johnhillman@mehaffyweber.com | 5/15/2025 1:47:37 PM | SENT |
| Maryalyce Cox | | MaryalyceCox@MehaffyWeber.com | 5/15/2025 1:47:37 PM | SENT |